U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP 29 A 11:02

CLERK

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ROGER BALCAZAR CARRILLO,

Petitioner,

v.

MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. ATTORNEY GENERAL; DAVID WESLING, IN HIS OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; JULIO CARAVIA, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF BOSTON FIELD OFFICE OPERATIONS, CUSTOMS AND BORDER PROTECTION; DAVID W. JOHNSTON, IN HIS OFFICIAL CAPACITY AS VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; and GREG HALE, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF NORTHWEST STATE CORRECTIONAL FACILITY,

Respondents.

Case No. 2:26-cv-367

## ORDER TO SHOW CAUSE

On September 28, 2026, Petitioner Roger Balcazar Carrillo filed a petition for a writ of habeas corpus and complaint for declaratory and injunctive relief with respect to his present detention at Northwest State Correctional Facility in St. Albans, Vermont following his detention on September 17, 2026. Petitioner contends that around sunrise on September 17, 2026, he was arrested by Immigration and Customs Enforcement ("ICE") agents at the Morses Line checkpoint at the Canadian border "after inadvertently

finding himself there while attempting to drive to his job in Highgate, [Vermont] on a particularly foggy day." (Doc. 1 at 2, ¶ 3.) Canadian officials purportedly contacted the Department of Homeland Security ("DHS"), who arrested and detained Petitioner "despite his being released from detention on bond in 2020." *Id.* at 8, ¶ 39.

Congress permits judicial review in habeas corpus proceedings of determinations made under Section 1225(b)(1), but only regarding the following issues:

> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). When the court makes a determination under § 1252(e)(2)(B), its inquiry is limited to "whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). Courts may not review "whether the alien is actually inadmissible or entitled to any relief from removal." *Id.*

Petitioner asserts he is a resident of Franklin County, who entered the United States without admission in February of 2018 "after fleeing persecution in Mexico[]" and "suffering physical persecution at the hands of gangs in Mexico." (Doc. 1 at 7-8, ¶¶ 31, 36.) He claims that he has lived in Enosburg Falls, Vermont for over four years and has worked on a dairy farm in Highgate, Vermont during that time. Petitioner contends that he has no criminal history "except for a 2022 misdemeanor charge for driving while intoxicated under 23 [V.S.A. §] 1201(a)(2)." *Id.* at 8, ¶ 38.

In January of 2020, Petitioner was arrested by DHS and detained in Buffalo, New York. He was later released on bond in early March of 2020 with no conditions. He claims he has complied with all legal requirements including that he filed an application for asylum with the Executive Office of Immigration Review ("EOIR") in November of 2024; kept the government apprised of his change of address; received employment

authorization; and appeared for all scheduled appointments with the United States Customs and Immigration Services ("USCIS").

Petitioner contends that the Federal Respondents did not provide a charging document explaining the reason for his detention on September 17, 2026, and they have not provided the basis for his ongoing detention since that time. He states that the Federal Respondents have not assessed whether he is a flight risk or a danger to the community prior to his September 17, 2026 detention, and they have not provided him with a hearing before a neutral decision-maker to justify his detention.

According to Petitioner, the Federal Respondents canceled the September 21, 2026 hearing scheduled for him and have not rescheduled it. Petitioner states that he is eligible for asylum due to suffering physical persecution at the hands of gangs in Mexico and his I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture has been pending with USCIS since November 14, 2024. Accordingly, this court has jurisdiction to determine "whether such an order in fact was issued[.]" 8 U.S.C. § 1252(e)(5); *see Dugdale v. CBP*, 88 F. Supp. 3d 1, 7 (D.D.C. 2015) (finding court had jurisdiction under 8 U.S.C. § 1252(e)(2)(B) to determine whether an order of removal was issued when it lacked a CBP supervisor's signature).

Pursuant to 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

Respondents are hereby ORDERED TO SHOW CAUSE on or before October 13, 2026 why a writ of habeas corpus should not be granted to determine whether Petitioner "was ordered removed under [8 U.S.C. § 1225(b)(1).]" 8 U.S.C. § 1252(e)(2)(B). The scope of this inquiry is limited. *See Wei Chen v. Napolitano*, 2012 WL 5458064, at *3 (S.D.N.Y. Nov. 8. 2012) (noting that statutory language "unambiguously bars 'review of whether the alien is actually inadmissible or entitled to any relief from removal'") (quoting 8 U.S.C. § 1252(e)(5)). Petitioner may file a reply on or before October 20,

2026. The court may schedule a hearing promptly thereafter depending upon the parties' briefing.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 29th day of September, 2026.

Christina Reiss, Chief Judge
United States District Court